Plaintiff's Name   JASON SMITH

Prisoner No.   AD-8099

Institution   CORRECTIONAL TRAINING FACILITY;

P.O. BOX 689; SOLEDAD, CA 93960

Number of pages  16
Received on March 23, 2026
Scanned/emailed on March 23, 2026
by Martinez at CTF
for the Northern District of California.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

JASON SMITH

*(Enter your full name)*

V.

DAYSI RUBACLAVA, GREGORY
GASH, et al.,

*(Enter the full name(s) of all defendants in this action)*

Case No._____

*(Provided by the Clerk upon filing)*

**COMPLAINT BY A PRISONER
UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983**

## I.  Exhaustion of Administrative Remedies.

*You must exhaust the remedies available at your institution before your claim(s) can go forward. The court will dismiss any unexhausted claims.*

**A.** Place of present confinement   CTF-C; P.O. BOX 689; Soledad, CA 93960

**B.** Is there a grievance procedure in this institution?   ☒ **YES**    ☐ **NO**

**C.** If so, did you present the facts in your complaint for review through the grievance procedure?
☒ **YES**    ☐ **NO**

**D.** If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

1.   Informal appeal: _____ N/A

2.   First formal level: _____ N/A

*Prisoner Complaint (rev. 12/4/2023)*

3.  Second formal level: Appeal Log Nos. 846886 and 850134

4.  Third formal level: Appeal Log Nos. 846886 and 850134

E.  Is the last level to which you appealed the highest level of appeal available to you?
☒ YES        ☐ NO

F.  If you did not present your claim for review through the grievance procedure, explain why.

N/A

## II. Parties.

A.  If there are additional plaintiffs besides you, write their name(s) and present address(es).
Jason Smith; CTF-Central; P.O. BOX 689; Soledad, CA 93960

B.  For each defendant, provide full name, official position and place of employment.
Gregory Gash is the CTF-Central Food Manager employed with the CDCR at Soledad, CA 93960, and Daysi Rebaclava is the Assistant Food Manager at CTF-Central employed with the CDCR at Soledad, CA 93960.

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

See Attached Complaint

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

Plaintiff requests Declaratory and Injunctive Relief. Plaintiff also requests Compensatory, Nominal, Punitive and other Damages including Attorney Fees and Appointment of Counsel.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: _March 23, 2026_          _Jason Smith_

Date                                            Signature of Plaintiff

Jason Smith CDCR# AD-8099

Correctional Training Facility

P.O. BOX 689

Soledad, CA 93960-0689


Plaintiff, In Pro Se


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


JASON SMITH,
        Plaintiff,                    Case No.

    v.                                COMPLAINT

                                      Violation of 42 U.S.C. 1983

DAYSI RUBACLAVA, et al.,              (DEMAND FOR JURY TRIAL)
        Defendants.

I.

## JURISDICTION

1. This court has jurisdiction pursuant to Title 28 U.S.C. 1331 and 1367, the individual named-Defendants are the persons who violated Plaintiff's State and Federal constitutional rights by violating Plaintiff's First Amendment Right under the Free Exercise Clause and for violating the Equal Protection Clause under the Fourteenth Amendment by discriminating against Plaintiff based on membership in a protected classs. These violations by the named-Defendants deprived Plaintiff of federally guaranteed rights under

1

color of law, in contravention of clearly established laws. Plaintiff also seeks declaratory judgment pursuant to 28 U.S.C. 2201.

## II.

## VENUE

2. Venue is proper in this court pursuant to Title 28 U.S.C. 1391(b)-(2), as substantial part of the events or omissions giving rise to the claims made herein occurred in this district.

## III.

## PARTIES

3. PLAINTIFF, JASON SMITH ("Plaintiff"), was at all times relevant to this action a prisoner confined in the California Department of Corrections and Rehabilitation ("CDCR"), and is currently confined at the Correctional Training Facility ("CTF"), in Soledad, California.

4. DEFENDANT, GREGORY GASH ("Gash"), was at all times relevant to this action CTF-Central Food Manager employed with the CDCR and was a state actor (acting under color of law). Gash was legally responsible for but not limited to, ensuring compliance with both state and federal laws with respect to promulgating and implementing the enforcement of policies and proper procedures affecting rights to religious freedom, and freedom of religion followed by the First Amendment as well as the rules within CDCR. Gash violated Plaintiff's rights by serving Plaintiff and other similarly situated Kosher diet recipients soil fish products and discriminating against Plaintiff and other similarly

2

situated Kosher diet recipients by failing to serve Plaintiff two (2) hot meals daily as mandated by California Code of Regulation, while affording other religious groups (e.g., Halal participants, vegetarian) the two (2) daily hot meals as mandated by the California Code of Regulations. Gash is personally responsible for the unconstitutional injuries sustained. Gash is being sued in his individual capacity.

5. DEFENDANT, DAYSI RUBACLAVA ("Rubaclava"), was at all times relevant to this action CTF-Central Assistant Food Manager employed with the CDCR and was a state actor (acting under color of law). Rubaclava was legally responsible for but not limited to, ensuring compliance with both state and federal laws with respect to promulgating and implementing the enforcement of policies and proper procedures affecting rights to religious freedom, and freedom of religion followed by the First Amendment as well as rules within CDCR. Rubaclava violated Plaintiff's First Amendment rights by serving Plaintiff and other similarly situated Kosher diet recipients soil fish products for several months, and discriminating against Plaintiff and other similarly situated Kosher diet participants by failing to serve Plaintiff two (2) daily hot meals as mandated by California Code of Regulations ("CCR"), while affording other religious groups (e.g., Halal participants, vegetarian) the two (2) daily hot meals as mandated by CCR. Rubaclava is personally responsible for the unconstitutional injuries sustained. Rubaclava is being sued in her individual capacity.

IV.

FACTUAL ALLEGATIONS

6. PLAINTIFF incorporates all allegations in paragraphs 1 through 5 above as though they were stated fully herein.

7. Plaintiff is a member of The House of the Lions of Judah/Rastafari. **(See Exhibit A)**. As such, Plaintiff receives daily Kosher diet as part of CDCR's religious diet program, for which is consistent with Plaintiff's religious belief/exercise.

8. Both Defendants Gash and Rubaclava are responsible for ensuring that every incarcerated person receives two (2) hot meals per day consistent with CCR 3050(a)(2).

9. Plaintiff contends that both Defendants Gash and Rubaclava ensure that general population incarcerated persons and other religious participants (e.g., Halal participants, vegetarian participants) receive two (2) daily hot meals consistent with CCR 3050(a)(2).

10. This failure to provide Plaintiff and other similarly situated Kosher participants two (2) daily hot meals constitutes disparity in treatment and a denial of the minimum hot meals requirement afforded to other similarly situated incarcerated persons, effectively penalizing Plaintiff for exercising his religious dietary rights.

11. As recent as January 18, 2026 Plaintiff and other similarly situated Kosher participants have bee routinely issued tuna pouches stamped with a **"Best by Date: August 19, 2025"** expiration date.

12. Despite this expired date, these tuna pouches continued to be

4

distributed weekly as part of the religious Kosher diet meal program under the direct supervision of both Defendant Gash and Rubaclava in the face of multiple complaints.

13. When opened, these tuna pouches have a visibly concerning discoloration, presenting as a mixture of pink and grey, and have unusual and unpleasant taste, strongly suggeating spoilage or compromised quality.

14. Plaintiff maintains that consuming expired tuna poses a serious risk of foodbourne illness, including bacterial contamination such as salmonella, listeria, staphylococcus, and histamine poisoning associated with decomposed tuna products, and is also a violation of Plaintiff's First Amendment right as it is relating to strict dietary laws when adhering to the consumption of clean and unclean meat.

15. Both state and federal food safety requirements prohibit the distribution of expired or unsafe food products.

V.

CAUSE OF ACTION

COUNT ONE

**DEFENDANTS RUBACLAVA AND GASH KNOWINGLY VIOLATED PLAINTIFF'S FIRST AMENDMENT RIGHT TO RELIGIOUS FREEDOM.**

16. PLAINTIFF incorporates all allegations in paragraphs 1 through 15 above as though they were stated fully herein.

5

17. The named-Defendants violated Plaintiff's First Amendment rights to freedom of religion by placing a substantial burden on Plaintiff's religious belief by serving Plaintiff soil tuna pouches in his daily Kosher diet meals, thereby requiring Plaintiff to modify his diet and violate his religious belief.

VI.

## CAUSE OF ACTION
### COUNT TWO

**DEFENDANTS RUBACLAVA AND GASH KNOWING VIOLATED PLAINTIFF'S FOUR-TEENTH AMENDMENT RIGHT AND EQUAL PROTECTION CLAUSE BY DISCRIMINAT-ING AGAINST PLAINTIFF AND SIMILARLY SITUATED KOSHER PARTICIPANTS.**

18. PLAINTIFF incorporates all allegations in paragraphs 1 through 17 above as though they were stated fully herein.

19. The named-Defendants violated Plaintiff's Fourteenth Amendment right by serving Plaintiff and other similarly situated Kosher parti-cipants soil tuna pouches and discriminating against Plaintiff and other similarly situated Kosher diet participants by failing to serve Plaintiff two (2) daily hot meals as mandated by CCR 3050(a)(2), while affording other religious groups (e.g., Halal participants, vegetarian) the two (2) daily hot meals as mandated by the CCR 3050(a)(2).

20. The Defendants actions and or omissions are not reasonably re-lated to one or more legitimate penological interest.

6

## VII.

## DECLARATORY RELIEF ALLEGATION

21. PLAINTIFF incorporates all allegations in paragraphs 1 through 20 above as though they stated fully herein.

22. A present and actual controversy exist between Plaintiff and the named-Defendants concerning rights and respective duties. Plaintiff alleges that the named-Defendants have violated his First and Fourteenth Amendment rights. Plaintiff is informed and thereon alleges the named-Defendants deny these allegations. Declaratory relief is therefore necessary.

## INJUNCTIVE RELIEF ALLEGATION

23. PLAINTIFF incorporates all allegations in paragraphs 1 through 22 above as though they were stated fully herein.

24. No plain adequate or complete remedy at law is available to Plaintiff to address the wrongs alleged herein. If the Court does not GRANT Injunctive relief sought, Plaintiff will be irreparably harmed.

## PRAYER FOR RELIEF

1. For an Order enjoining the named-Defendants from engaging in the unlawful conduct in the Complaint.

2. For an Order Granting other injunctive relief as may be deemed

7

necessary;

3. For an Order Granting Declaratory relief as may be deemed appropriate;

4. Compensatory damages;

5. Nominal damages;

6. Punitive damages;

7. Appointment of Counsel as Plaintiff is a lay-person and unskilled at law and is compelled to seek the assistance of fellow incarcerated persons who are also lay-person at the law;

8. Cost of suit incurred herein;

9. Attorney's fees and costs; and

10. An Order directiong the U.S. Marshal to serve the named-Defendants including waiver of any and all processing/service fees.

Executed this 23 day of March, 2025, at the Correctional Training Facility, Soledad, California.

/s/ _Jason Smith_

8

## VERIFICATION

Pursuant to 28 U.S.C. 1746, I read the foregoing civil rights complaint and declare under penalty of perjury that all statements made herein are true and correct to the best of my knowledge, information and belief.

Signature of Declarant: _Jason Smith_

9

# EXHIBIT 'A'

Location:
CTF

**California Department of Corrections and Rehabilitation
Food Service Department**

Report Date:
11/27/2025

## Active Kosher Diets for 11/27/2025

| BECERRA, JUANMINGO | AR3289 | C CW 1 | 116001U | 10/14/2019 | Edwin Santiago |
|---|---|---|---|---|---|
| MARTINEZ, ANTONIO | AV9116 | C CW 2 | 209001L | 2/14/2017 | CRM |
| SMITH, JASON | AD8099 | C CW 2 | 223001L | 2/10/2021 | Robin Ramon |
| ZINCHENKO, ALEXANDER | V00139 | C CW 3 | 319001U | 12/21/2010 | Chaplain |
| HALBERT, DERRICK | H91521 | C CW 3 | 343001L | 9/22/2022 | Robin Ramon |
| ERNEST, HECTOR | AH3643 | C DW 3 | 323001L | 9/18/2017 | Abdullah |
| MARQUEZ, ROBERT | P23530 | C EW 3 | 323001L | 10/30/2024 | Sergio Hernandez |
| MUHAMMAD, KWESI | P84376 | C FW 1 | 135001L | 6/16/2022 | Michelle Ramirez |
| TORRES, IRVING | AT3893 | C FW 3 | 316001U | 5/2/2025 | Michael Gappinger |
| MUNNS, RICHARD | T73373 | C GW 1 | 119001L | 7/13/2018 | CRM |
| RAMIREZ, JONATHAN | AD6618 | C GW 3 | 320001L | 7/13/2018 | CRM |
| HOOKER, EZRA | BP0391 | C XW 1 | 115001L | 7/26/2021 | Alexis Quiles |
| PERRY, DONALD | P92110 | C XW 2 | 201001L | 1/11/2007 | MUSTAFA |
| BAKER, CHRISTOPHER | H11687 | C XW 2 | 211001L | 11/9/2022 | Robin Ramon |
| BRUMFIELD, PAUL | BC9697 | C ZW 1 | 131001L | 11/9/2023 | Gary Atkinson |
| HERNANDEZ, JOSEPH | BF8525 | C ZW 2 | 218001L | 4/22/2020 | Mike Flores |
| HUTCHINS, CLIFTON | F05430 | C ZW 3 | 323001L | 6/2/2015 | SHLEFFAR |